UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEFFREY M. COOPER and NANCY COOPER** | § § § § | |
| *Plaintiffs* | § | CIVIL ACTION NO : |
| v. | § § | |
| **F C A U S L L C, et al** | § § | |
| *Defendant* | § § § | **JURY TRIAL REQUESTED** |

## COMPLAINT

### I. Parties

1. Plaintiffs, Jeffrey M. Cooper and Nancy Cooper, husband and wife, now and have been at all times material hereto have been domiciled at 406 Watson Dr., Natchitoches, Louisiana 71457.

2. Defendant, **FCA US LLC**, (hereinafter "FCA"), is a limited liability company organized under the laws of the State of Delaware, whose principal place of business is 1000 Chrysler Drive, Auburn Hills, Michigan 48326, and which is authorized to do and doing business in the State of Louisiana, and whose agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

3. Defendant **BOB POST CHRYSLER OF SHREVEPORT, INC. d/b/a HEBERT'S TOWN & COUNTRY CHRYSLER DODGE JEEP RAM**, (hereinafter "Hebert's Town & Country"), is a Louisiana corporation domiciled in Caddo Parish, Louisiana, whose principal place

of business is 1155 E. Bert Kouns, Shreveport, Louisiana  71105, and whose agent for service of process is James A. Mijalis, 8670 Box Road, Building A, Shreveport, LA 71106.

## II.  Jurisdiction

4.      This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2301, 15 USC § 2310(d),  and 28 USC § 1331 in that this dispute involves predominant issues of federal law.  15 USC § 2310(d) specifically states that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a ... implied warranty...may bring suit for damages and other legal and equitable relief- ... in any appropriate district court of the United States...". Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202. The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. Further,  the sum or value of all claims to be determined in this suit exceeds the  $50,000  (exclusive of interests and costs) jurisdictional amount under the  Magnuson-Moss Warranty Act.

## III.  Venue

5.      Venue is proper in this district under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated in this district.

## IV. Conditions Precedent

6.      All conditions precedent have been performed or have occurred.

### V. Facts

#### A. The Transaction

7. On March 7, 2022, Plaintiff Jefferey M. Cooper entered into a document entitled " "MOTOR VEHICLE LEASE AGREEMENT - CLOSED-END", for the purpose of leasing a new 2021 Jeep Sahara 4XE, VIN 1C4JJXP66MW858676 (hereinafter "the Jeep") from Defendant Hebert's Town & Country, an authorized FCA US LLC dealer in Shreveport, Louisiana. The jeep was leased primarily for Plaintiffs' use as a recreational vehicle.

8. The gross capitalized cost of the lease was $65808.68, excluding adjusted capitalized cost, residual value, depreciation, etc., and other expenses surrounding the lease.

#### B. Implied Warranties

9. Defendant FCA US LLC manufactured the jeep.

10. As a result of the lease, an implied warranty given by FCA US LLC arose in the transaction that guaranteed to Hebert's Town & Country the vehicle would be relatively free from defects, which included the guarantee that the vehicle was fit for the ordinary purpose for which such vehicles are sold; Plaintiffs, as a result of entering into the lease agreement with Hebert's Town & Country were conventionally subrogated to Hebert's Town & Country's redhibition rights against FCA US LLC.

11. Additionally, Hebert's Town & Country, as lessor, impliedly warranted that the thing leased, the Jeep, was suitable for the purpose for which it was leased and that it is free of vices or defects that prevent its use for that purpose, including vices or defects that arose after the delivery of the Jeep, which were not attributable to the fault of the lessee, whether or not known to the lessor.

12. Subsequent to the lease, an implied warranty arose in connection with the repairs performed by the Defendant through its various dealerships. Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C.   Actionable Conduct

13. In fact, when Plaintiffs took possession, the vehicle was defective in materials and workmanship, which defects were unknown to the lessee, with such defects being discovered subsequent to the lease, and with repairs and attempted repairs having been done by authorized repair facilities within one year of the date of filing herein. Within the first few months after possession and use according to the lease, Plaintiffs began experiencing defective conditions with the vehicle. Many defective conditions have occurred since after possession and use according to the lease, some of which were repaired, and some of which include repair within one year of the date of filing suit herein, but which were experienced while Plaintiff were using the vehicle in an ordinary manner, including multiple recalls and/or software updates having to do with the charging module and battery pack control module software and the engine not starting, which defect caused months of being subject to attempted repairs by FCA US LLC through its various dealerships, including Hebert's Town & Country in Natchitoches, Louisiana;

14. The appearance of the issues, and the length of time for the repairs, which as of this writing have not been completed, show that the vehicle was manufactured with some physical imperfection or deformity, or it lacks necessary components or a certain level of quality.

15. As the manufacturer, FCA is conclusively presumed to know prior to the sale that the vehicle contained the defects described above that would cause the vehicle fail to operate in the intended manner during normal use.

16. The defects experienced by Plaintiffs with the vehicle substantially impaired its use, value and safety.

17. Plaintiffs directly notified defendant FCA US LLC and Hebert's Town and Country, including the Hebert's Town and Country, in Natchitoches, Louisiana, of the defective conditions of the vehicle on numerous occasions.

**Count 1: Violations of Louisiana Lease Laws and Subrogated Redhibition Laws**

18. Plaintiffs re-allege and incorporate by reference herein each and every allegation set forth in the preceding paragraphs.

19. The Jeep is a "thing" under La. Civil Code Articles 2671, inasmuch as Plaintiffs are consumers, and the thing is a movable intended for the Plaintiffs' personal or familial use outside of the Plaintiffs' trade or profession.

20. FCA US LLC, as a manufacturer, gave implied warranties to its successor in title, Bob Post Chrysler of Shreveport, Inc. d/b/a Hebert's Town & Country Chrysler Dodge Jeep Ram, and is conclusively presumed to be in bath faith, as a "seller" under La. Civil Code Articles 2545.

21. The "lease" is a written lease entered into between Jeffrey M. Cooper and Defendant, Hebert's Town & Country.

22. Hebert's Town & Country is a "lessor" under La. Civil Code Articles 2520, *et seq*.

23. Plaintiffs are a "lessee" under in La. Civil Code Articles 2520, *et seq*.

24. Plaintiffs are conventionally subrogated to the rights in warranty of the Lessor, Hebert's Town & Country against FCA US LLC.

25. The defects described in the jeep meet the definition of "vices or defects that arise after delivery of the thing and are not attributable to the fault of the lessee", whether or not known by Hebert's Town & Country in accordance with La. Civil Code Articles 2696 and 2697.

26. The "vice or defects" described above included vice or defects that are not known to the Lessor in accordance with La. Civil Code Article 2697.

27. Plaintiffs have provided the Defendants notice and sufficient opportunity to repair the defective vehicle.

28. Plaintiffs have performed each and every duty required of them under Louisiana Lease Laws, except as may have been excused or prevented by the conduct of the Defendants, as herein alleged.

29. The hidden defects in the vehicle existed at the time of sale to Hebert's Town and Country and at the time of the lease, but were not discovered until after delivery. Multiple defects existed in the vehicle, even though some are minor or have been repaired. The vehicle is not usable or its use is so inconvenient that neither Plaintiffs nor Hebert's Town & Country, nor a reasonably prudent buyer, would have purchased the vehicle had they known of the defects prior to the sale.

30. Furthermore, Defendant Hebert's Town & Country has failed to perform the repair work in a good and workmanlike manner.

31. Inasmuch as the use of the Jeep has been substantially impaired, Plaintiffs are entitled to dissolution of the lease and damages.

32. In any event, Defendant FCA US LLC is independently liable for defects that existed in the manufacture of products imported, warranted, and distributed by it. This conduct by Defendant constitutes a breach of the implied warranties under Louisiana's Redhibition laws, to

which Plaintiffs are subrogated, and Louisiana's lease law, and entitles Plaintiffs to a dissolution of the lease, return of the all monies paid, plus all collateral costs associated, finance charges, insurance premiums, and out of pocket expenses, plus damages as set forth by law.

33. Under the prevailing laws, Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, if Plaintiffs prevail. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Fred A. Pharis. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

### Count 2: Violation of the Magnuson-Moss Warranty Act

34. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

35. Plaintiffs, Jeffrey M. Cooper and Nancy Cooper are each a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

36. Defendant, FCA, is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

37. The Jeep is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiffs in fact leased it wholly or primarily for personal use.

38. The implied warranties pertaining to the Jeep are a "implied warranty arising under State law" as defined in the Warranty Act, 15 U.S.C. § 2301(7).

39. The actions of Defendants in failing to tender the Jeep to Plaintiffs free of defects and refusing to repair the Jeep within a reasonable time or replace the defective Jeep constitutes a breach of the implied warranties and hence a violation of the Magnuson-Moss Warranty Act.

40. Plaintiffs have performed all things agreed to and required of them under the applicable State law, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

41. As a direct and proximate result of the acts and omissions of Defendants and each of them as set forth hereinabove, Plaintiffs have been damaged in an amount in excess of $50,000 according to proof at trial.

42. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail.  As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Fred A. Pharis. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

### Count 3:  Negligent Repair

43. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.

44. On numerous occasions after the lease agreement was entered into,, Plaintiffs delivered the vehicle to Defendant Hebert's Town and Country for repairs of the defective conditions covered under the implied warranties set forth hereinabove.

45. On each such occasion, Plaintiffs are informed and believe, and thereupon allege, that Defendant Hebert's Town and Country attempted the repairs of the Jeep, pursuant to FCA's delegated obligations under the implied warranties. Defendant Hebert's Town and Country owed a duty of care to Plaintiffs to perform those repairs on the Jeep, in a good and workmanlike manner within a reasonable time. Further, Defendant Hebert's Town and Country, had a "high duty" to detect and correct defects when consumers such as the Plaintiffs are subject to the warranty repair system initiated by Defendant FCA. Defendant Hebert's Town and Country breached this duty to Plaintiffs.

46. Defendant Hebert's Town and Country's attempted repairs of Plaintiffs' Jeep were done so negligently, carelessly, recklessly, and for such a protracted length of time, as to substantially impair the vehicle's use, value, and safety in its operation and use. At no time did any repair attempt on Plaintiffs' vehicle fully and completely repair the Jeep, nor were many of the defective conditions fixed or significantly improved by the Defendant Hebert's Town and Country's repair attempts. Plaintiffs relied upon representations that the by said Defendant that it would fully and finally fix the defects in the jeep. As of this writing the vehicle is still in the possession of Hebert's Town and Country for repair.

47. As a direct and proximate result of Defendant Hebert's Town and Country's negligent failure to repair the vehicle within a reasonable time or within a reasonable number of attempts, Plaintiffs were unable to use the Jeep for weeks at a time. As a further direct and proximate result of Defendant Hebert's Town and Country's failure to repair the vehicle in a timely and workmanlike fashion, Plaintiffs were forced to use other vehicles and to leave the vehicle for periods of time at great inconvenience to Plaintiffs.

## VI. Damages

48.     The conduct described above has been and is a producing and proximate cause of damages to Plaintiffs.

49.     Plaintiffs' damages include dissolution of the lease including all collateral costs at the time of the lease, loss of all amounts paid under the lease, any and all finance charges, insurance premiums, maintenance costs, repair costs, loss of use, together with applicable penalties and attorney fees allowed by law, and with legal interest upon the entire sums awarded from the date of sale or lease, from judicial demand or from judgment, until paid, and for all costs of these proceedings.

## VII.    Request for Dissolution

50.     Plaintiffs seeks the remedy of dissolution of the lease.

51.     The defects, excessive repairs, and excessive downtime of the vehicle substantially impaired its use, value and safety.  Accordingly, Plaintiffs seek a dissolution of the lease contract and an order of the court restoring to Plaintiffs the money paid for the lease of the vehicle as a result of the breach of implied warranties as set forth above.  Plaintiffs also seek cancellation of the debt still owed and seek the remedy of the vehicle being returned to the Defendants.

## VIII.   Attorney Fees and Costs

52.     Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevail.  As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the

legal services of Fred A. Pharis, the undersigned counsel.  Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

### IX.   Prayer for Relief

53.   For these reasons, Plaintiffs pray for judgment against the Defendant for the following:

    a.   For general, special and actual damages according to proof at trial;

    b.   Rescinding the lease of the vehicle and returning to Plaintiffs the lease price including all collateral costs at the time of the lease, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

    c.   For incidental and consequential damages according to proof at trial;

    d.   Out of pocket damages for expenditures related to any cost of repairs, deductibles and transportation charges;

    e.   Any diminution in value of the vehicle attributable to the defects;

    f.   Past and future economic losses;

    g.   Pre-judgment and post-judgment judicial interest interest;

    h.   Attorney's fees;

    I.   Costs of suit, expert fees and litigation expenses; and

    j.   All other relief this Honorable Court deems appropriate.

### X.   Demand for Jury Trial

54.   Plaintiffs hereby demand trial by jury to the extent authorized by law.

 

*s/Fred A. Pharis*  
**FRED A. PHARIS**  
of **PHARIS LAW OFFICES**  
831 DeSoto Street

Alexandria, LA 71301
Telephone: (318) 445-8266
Fax: (318) 445-5981
email: fpharis@pharislaw.com
LA Bar Roll No. 1536
**ATTORNEY FOR PLAINTIFFS,**
**JEFFREY M. COOPER AND NANCY**
**COOPER**